**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RANDY W. HART,**

    **Plaintiff,**

**v.**                                                                          **CASE NO. 8:06-CV-743-T-EAJ**

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security,**

    **Defendant.**

_____ /

**FINAL ORDER**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income payments under the Act.[2]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 6).

Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards.  See 42 U.S.C. § 405 (g) (2003).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard.  See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

## I.

Plaintiff filed an application for DIB and SSI payments on May 13, 2002, claiming an onset of disability beginning January 18, 2002. (T 25, 60, 287) Plaintiff's application was denied initially, upon reconsideration, and by the ALJ in a decision dated September 22, 2004. (T 25-32) The Appeals Council declined to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (T 4-8)

The ALJ found that Plaintiff was not eligible for DIB because he was not disabled at any time through the date of the hearing decision. (T 31) Plaintiff filed a timely petition for judicial review of the Commissioner's denial of benefits. Plaintiff has exhausted all administrative remedies and the Commissioner's decision is ripe for review under the Act.

Plaintiff, age forty-three at the time of the May 13, 2004 administrative hearing, has a ninth

grade education and obtained a GED. (T 305, 306) Plaintiff has previously been employed as a metal

framer and drywall installer. (T 80-85, 100-104) Plaintiff asserts that a combination of impairments

including back problems, nerve damage in his legs, and pain have rendered him unable to work since

January 18, 2002. (T 70, 308-10) The ALJ determined that Plaintiff has not engaged in substantial

gainful employment since his alleged onset date. (T 31)

Following the administrative hearing, the ALJ found that Plaintiff has chronic low back pain,

degenerative disc disease, bulging discs and status post bilateral laminectomies at L4-5 and partial

at S1, and right L4-5 discectomy and bilateral L5-S1 partial foraminotomies. (T 28, 31) Although

the ALJ found these impairments severe within the meaning of the Regulations, the ALJ concluded

that Plaintiff's impairments or combination of impairments do not meet or medically equal an

impairment listed in the Listing of Impairments found in Appendix 1, Subpart P of Regulations No.

4. (Id.)

The ALJ held that Plaintiff is unable to perform any of his past relevant work but concluded

that Plaintiff has the residual functional capacity ("RFC") to perform a significant range of sedentary

work.[3] (T 29, 31) Specifically, the ALJ imposed the following limitations on Plaintiff's RFC:

> The claimant is able to lift/carry up to 10 pounds occasionally and less than 10
> pounds frequently. He can sit for 6 hours during an 8 hour-day, stand for 30 minutes
> at a time and for a total of 2 hours during an 8-hour-day; walk a total of 2 hours a
> day, and never climb and balance. He can occasionally stoop, crouch, kneel and
> crawl. The claimant also requires avoidance of machinery, heights/hazards, humidity
> and wetness, vibration, heat and cold.

---

[3] Sedentary work, defined at 20 C.F.R. §§ 404.1567(a), 416.967(a), involves "lifting no more
than [ten] pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and
small tools." 20 C.F.R. §§ 404.1567(a), 416.967(a). Although a sedentary job is defined as one that
involves sitting, some standing and walking is often necessary to carry out job duties. Id.

(T 29) Further, the ALJ stated that Plaintiff's "residual functional capacity accounts for the evidence as set forth above, as well as ongoing complaints of pain." (Id.)

Relying on the testimony of a vocational expert ("VE") in response to hypothetical questions which incorporated these limitations, the ALJ determined that Plaintiff could perform jobs such as telemarketer, appointment clerk, and order taker. (T 30) In reaching the conclusion that Plaintiff had not been under a disability as defined by the Act at any time through the date of the decision, the ALJ held that Plaintiff's statements about the extent of his limitations were not wholly credible. (T 31)

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

**II.**

Plaintiff alleges the Commissioner erred by failing to: (1) accord substantial weight to Plaintiff's treating physician's opinion; (2) consider the combined effects of Plaintiff's impairments in finding Plaintiff not entirely credible; (3) pose complete hypothetical questions to the VE; (4) fully develop the record; and (5) consider whether Plaintiff's impairments met Listing 1.04 in the Listing of Impairments (Dkt. 13). The Commissioner responds that the ALJ's decision is supported by substantial evidence and should not be disturbed (Dkt. 14).

The court will first address Plaintiff's argument that the ALJ failed to consider whether Plaintiff's impairments met Listing 1.04 in the Listing of Impairments ("the Listings") because the ALJ evaluates whether an impairment meets a Listing at step three of the five-step sequential evaluation process. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Plaintiff's remaining arguments pertain to the ALJ's RFC finding which is evaluated in steps four and five of the process.

**A.**     Plaintiff advances a conclusory argument that the ALJ failed to consider whether Plaintiff's

severe canal stenosis at L4-5 and moderate canal stenosis at L5-S1 showing degenerative disc disease met Listing 1.04(c). Plaintiff does not articulate the standard for finding that an impairment meets a Listing nor does Plaintiff explain how his impairment meets that standard.

In determining whether a claimant's condition meets or equals a listed impairment, it is the plaintiff's burden to produce all medical evidence and findings necessary to make this determination. Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986) (citing 20 C.F.R. §§ 404.1525, 404.1526). The Eleventh Circuit has held that the Commissioner need not "mechanically recite the evidence" leading to the determination that a claimant's impairments do not meet any of the Appendix I listing criteria. Hutchison v. Bowen, 787 F.2d 1462, 1463 (11th Cir. 1986) (finding that ALJ implicitly found disability claimant did not meet any of the Appendix I impairments).

Here, the ALJ thoroughly discussed the medical evidence prior to finding that Plaintiff's severe impairments or combination thereof did not meet a Listing. The ALJ noted medical evidence of Plaintiff's low back pain and degenerative disc disease dating to 1997. (T 27) Steven J. Tresser, M.D.'s ("Dr. Tresser") reports in 1998 indicated that Plaintiff was capable of light duty with a twenty pound lifting restriction. A June 11, 1997 Work Capacities Assessment Summary showed that Plaintiff could not return to his past relevant work but that Plaintiff could return to work within his physical disabilities. The ALJ noted the report's evaluation of Plaintiff's lifting and bending abilities. (Id.) The ALJ further discussed a September 21, 2002 consultive report in detail as well as Plaintiff's visit to the emergency room on October 5, 2002.

A plaintiff must provide evidence showing a diagnosis included in the Listing and medical evidence documenting that the condition meets the specific requirements of the Listing as well as the duration requirements. 20 C.F.R. §§ 404.1525(a)-(d), 416.925(a)-(d); Wilson v. Barnhart, 284

F.3d 1219, 1224 (11th Cir. 2002). Without some evidence from Plaintiff that his impairments meet

or equal the findings for a listed impairment or impairments, Plaintiff's argument that the ALJ failed

to consider whether his impairments equaled a Listing is without merit.

**B.**   Plaintiff argues that the ALJ did not give substantial weight to the treatment notes of Plaintiff's

treating physician, Gary Levine, M.D. ("Dr. Levine").

In assessing medical evidence in a disability case, the ALJ is required to state with

particularity the weight given to different medical opinions and the reasons therefor. Sharfarz v.

Bowen, 825 F.2d 278, 279 (11th Cir. 1987) (citation omitted). Generally, a treating physician's

opinion is entitled to considerable weight unless there is good cause to reject those opinions.

Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982). The opinions of non-examining,

reviewing physicians standing alone do not constitute substantial evidence, and are entitled to little

weight when contrary to those of the examining physicians. Sharfarz, 825 F.2d at 280 (citation

omitted).

The ALJ may discount a treating physician's opinion if it is not well-supported by medical

evidence or is inconsistent with the record as a whole.  Crawford v. Comm'r of Soc. Sec., 363 F.3d

1155, 1159-60 (11th Cir. 2004) (ALJ may discount a treating physician's opinion when that opinion

is unsupported by the medical evidence and contradicts the physician's own treatment notes).

After discussing the record medical evidence, the ALJ noted that "[o]ther than the above

emergency room report, the only other recent treatment has been provided by Dr. Gary Levine, D.O.,

beginning on February 9, 2004. (Exhibit 12F) Recommended treatment primarily consists of

medication. (Exhibit 12F)." (T 28) Plaintiff does not identify which opinion by Dr. Levine that the

ALJ should have given significant weight. Medical evidence available from Dr. Levine does not give

a medical opinion about Plaintiff's ability to engage in work-related activities. (T 261-86) Any mention of restrictions on daily activities is self-reported by Plaintiff. (T 270-75)

To the extent that Plaintiff argues that the ALJ should have credited Dr. Levine's December 13, 2005 letter (which Plaintiff does not specifically identify in his memorandum), the Appeals Council considered this evidence and denied review. (T 8) When the Appeals Council has denied review, this court looks "only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999). The court may remand the case for further administrative proceedings on newly discovered evidence submitted only to the Appeals Council if a claimant can show good cause for his failure to introduce evidence during the hearing before the ALJ. Id. at 1323-24.

However, Plaintiff neither articulates the standard or argues for a remand under sentence six of Section 405(g) for new and material evidence. To obtain a "sentence six" remand, a claimant must establish that: (1) there is new, non-cumulative evidence; (2) the evidence is material in that it is relevant and probative so that there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for failure to submit the evidence at the administrative level. Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988) (internal citations and quotations omitted). Plaintiff has neither alleged nor established that Dr. Levine's letter of December 13, 2005 meets the criteria for a sentence six remand. Thus, Plaintiff's argument on this issue is without merit.

**C.**   Next, Plaintiff argues that the ALJ failed to fully develop the record because he should have sent Plaintiff for a consultive examination, MRI, or x-ray due to Plaintiff's limited medical treatment and testing due to a lack of funds or insurance coverage (Dkt. 13 at 12).

The ALJ has a duty to develop a full and fair record. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). However, in establishing his or her claim for benefits, the claimant bears the burden of proof. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). The record is sufficiently developed when the medical evidence, including the clinical and laboratory findings, is complete and detailed enough to allow the ALJ to make a determination as to whether the plaintiff is disabled. See, e.g., 20 C.F.R. §§ 404.1512(d); 416.912(d). The ALJ's review of the evidence must be based on the record as a whole. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The Commissioner is required to develop the complete medical history for at least the twelve months preceding the disability application unless the alleged disability began less than twelve months prior to the application. 20 C.F.R. § 416.912(d). If, from the medical evidence, the ALJ cannot sufficiently determine whether the plaintiff is disabled, then the ALJ may order one or more physical or mental examinations. 20 C.F.R. § 404.1517. It is reversible error for the ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision. Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (citation omitted).

Plaintiff's argument is without merit on this issue. In this case, the ALJ's development of the record was sufficient to support his determination because the ALJ's decision was based on the record as a whole. The ALJ discussed Plaintiff's medical conditions at length dating to 1997, citing hospital records, test results, and physician reports dating from February 25, 1997 to October 5, 2002. (T 27-28) The ALJ specifically noted that following his operation in 1997, Plaintiff still reported pain to Dr. Tresser, but that "[e]valuations by MRI further indicate no recurrent or residual disc herniation or neroformanimal or nerve root compression." (T 27) The ALJ also discussed a consultive report from September 21, 2002. Although Plaintiff complained of pain and claimed

physical limitations, "on examination, the upper and lower extremities are normal with normal peripheral pulses and range of motion is normal in all joints with the exception of the hips and knees." (Id.) The ALJ further discussed this report's findings as well as a subsequent emergency room report that indicated degenerative disc disease, but "no further active abnormalities." (T 28)

For the reasons noted, the undersigned finds that the ALJ sufficiently developed the record and remand on this issue is not warranted.

**D.**   Plaintiff also contends that the ALJ did not properly consider the combination of Plaintiff's impairments which led to an erroneous finding that Plaintiff's testimony about the extent of his impairments and the pain caused by them was not credible. Specifically, Plaintiff argues that the ALJ failed to consider the side effects of Plaintiff's medications coupled with Plaintiff's pain, numbness, concentration, and memory problems (Dkt. 13 at 9).

It is incumbent on the ALJ to make credibility findings as to a claimant's testimony. See generally Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Additionally, the ALJ must make a particular and well-formulated determination of the combined effect of Plaintiff's impairments. Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986).

The Eleventh Circuit has established a three-part pain standard to use when evaluating a claimant's subjective complaints of pain. A plaintiff must show: (1) evidence of an underlying medical condition, and either (2) the medical evidence substantiates the severity of the pain from the condition, or (3) that the condition is of sufficient severity that it would be reasonably expected to produce the pain alleged.  Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). This standard is consistent with Social Security regulations which provide that a claimant may establish a disability through subjective testimony of pain if "medical signs or findings show that

there is a medical condition that could be reasonably expected to produce those symptoms." Elam

v. R.R. Ret. Bd., 921 F.2d 1210, 1215 (11th Cir. 1991) (citing 20 C.F.R. §§ 404.1529, 416.929).

"A clearly articulated credibility finding with substantial supporting evidence in the record

will not be disturbed by a reviewing court." Foote, 67 F.3d at 1562 (citation omitted). Similarly, it

is the Commissioner's responsibility to draw inferences from the evidence, and those inferences will

not be overturned if supported by substantial evidence. Davis v. Apfel, 93 F. Supp. 2d 1313, 1316

(M.D. Fla. 2000) (citation omitted).

Contrary to Plaintiff's argument, there is little evidence that the Commissioner erred in not

giving weight to Plaintiff's complaints regarding the side effects of his medications. Plaintiff

testified at the administrative hearing that he takes the medication Neurontin, prescribed by Dr.

Levine, to alleviate pain in both legs. (T 309-10) Plaintiff further testified that he has problems

sleeping due to back pain and that Dr. Levine prescribed medication to help Plaintiff sleep (although

Plaintiff did not identify that medication). (T 311-12) When questioned by his attorney, Plaintiff

testified that the medication helps alleviate his back pain "somewhat." (T 317) Plaintiff's attorney

asked Plaintiff about any side effects of his medications, to which Plaintiff responded: "Just stuff

fuzzes me out." (T 319-20) Plaintiff clarified that the medication makes him "forget stuff," "puts

[his] mind over in left field somewhere," and makes him forget things that people tell him. (T 320)

The ALJ's decision states that Dr. Levine recommended treatment with medication. (T 28)

Plaintiff fails to point to evidence in the medical records that demonstrates that he complained of or

suffered from side effects from his medications. Indeed, the medical evidence does not support such

a finding. See Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir. 1992). Therefore, as Plaintiff's

own allegations are the only record evidence of Plaintiff's alleged side effects, the ALJ's failure to

discuss side effects of Plaintiff's medications was not in error . <u>See</u> <u>generally</u> <u>Swindle v. Sullivan</u>,

914 F.2d 222, 226 (11th Cir. 1990).

As for Plaintiff's argument that the ALJ failed to consider Plaintiff's impairments in combination, the ALJ's written decision shows that he did consider the combined effects of Plaintiff's impairments. The ALJ found that Plaintiff had severe impairments but that the impairments are "not 'severe' enough to meet or medically equal, *either singly or in combination* to one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." (T 28) This language has been held sufficient to discharge the Commissioner's obligation to consider impairments in combination. <u>Wheeler v. Heckler</u>, 784 F.2d 1073, 1076 (11th Cir. 1986). Accordingly, Plaintiff's argument that the ALJ failed to consider his impairments in combination is without merit.

Plaintiff's final argument regarding the inadequacy of the ALJ's credibility determination is well-founded. The ALJ need not specifically cite to the Eleventh Circuit pain standard if the ALJ's findings and discussions indicate that he has applied the proper standard. <u>See</u> <u>Wilson</u>, 284 F.3d at 1226. The ALJ must cite specific reasons for discrediting a plaintiff's subjective complains of pain. <u>See</u> <u>Allen v. Sullivan</u>, 880 F.2d 1200, 1203 (11th Cir. 1989) (the ALJ properly determined that a plaintiff's subjective complaints were not fully credible after stating three specific reasons for discrediting plaintiff's complaints that were borne out in the record). Here, however, the ALJ's findings and discussion do not reflect a thorough consideration of Plaintiff's testimony or indicate that the ALJ applied the proper standard.

After discussing the medical evidence,[4] the ALJ stated in a conclusory manner that Plaintiff's

---

[4] In discussing the medical evidence, the ALJ noted Plaintiff's complaints of pain, finding that the medical evidence established chronic low back pain. (T 27, 28) The ALJ mentioned that after Plaintiff had back surgery on February 25, 1997, Plaintiff "continue[d] to present with pain of the

RFC reasonably accounted for the evidence "as well as ongoing complaints of pain." (T 29) The ALJ

failed to give reasons for discrediting Plaintiff's subjective complaints even though the ALJ found

Plaintiff's chronic back pain to be severe. The ALJ's RFC analysis, which requires consideration of

subjective pain symptoms, does not include any analysis or discussion of Plaintiff's subjective pain.

See 20 C.F.R. §§ 404.1527, 416.927. Plaintiff's subjective pain testimony includes, in part,

testimony that his pain is "constant," that he experiences constant leg pain "every day," and that pain

in his arms from his upper back is "throbbing." (T 314-15, 317, 318) Because the ALJ's decision

does not include any references to Plaintiff's testimony, it appears that the ALJ based his decision

solely on the objective medical evidence in the record. The absence of an evaluation of Plaintiff's

subjective pain testimony therefore undermines the substantial evidence supporting the ALJ's

decision.

The ALJ's fifth finding, as denoted in his decision, is that "the claimant's allegations

regarding his limitations are not totally credible for the reasons set forth in the body of the decision."

(T 31) However, no such reasons are set forth in the body of the decision. In fact, "credibility" is

only mentioned one time in the decision, where the ALJ stated that "the record is far from supporting

the degree of such pain to be as alleged by the claimant." (T 29) Although the ALJ's decision

discusses the objective medical evidence in detail, the ALJ does not articulate any inconsistencies

between Plaintiff's subjective allegations of pain and the medical evidence. An ALJ's credibility

determination "does not need to cite particular phrases or formulations but it cannot merely be a

broad rejection which is not enough to enable [the reviewing court] to conclude that the ALJ

---

back and lower right extremity." (T 27) The ALJ also examined a September 21, 2002 consultive report in which the physician noted Plaintiff's continuing complaints of pain in his back and legs. (Id.) Further, the ALJ discussed Plaintiff's visit to the emergency room on October 5, 2002 for low back pain. (Id.)

considered her medical condition as a whole." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks and citations omitted).

In summary, the ALJ's consideration of Plaintiff's credibility suffers from two flaws: (1) the ALJ failed to consider Plaintiff's testimony regarding his subjective pain; and (2) the ALJ failed to expressly discount Plaintiff's credibility as to his pain. On remand, the ALJ shall evaluate Plaintiff's testimony and cite specific evidence supporting any adverse credibility determination.

**E.** Finally, Plaintiff argues that the ALJ erred by posing incomplete hypothetical questions to the VE. Specifically, Plaintiff contends that the ALJ did not consider all of Plaintiff's functional and mental health limitations in posing the hypothetical questions to the VE (Dkt. 13 at 11).

If remand is required on an issue raised in the case, it is unnecessary to review other objections to the ALJ's conclusion.  See generally Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991).  Thus, it is unnecessary to address Plaintiff's arguments relating to the hypothetical questions posed to the VE and the proper weight accorded to the VE's examination.

### III.

In concluding that remand for further fact-finding on the issue of Plaintiff's subjective complaints of pain is necessary to due errors of law at the administrative level, this court expresses no views as to what the outcome of the proceedings should be. At the reopened hearing, each party shall have the opportunity to submit additional evidence.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1)     the decision of the Commissioner is **REVERSED** and this case is **REMANDED** for further administrative proceedings consistent with the foregoing; and

(2)     the Clerk of Court shall enter final judgment pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3)

as a "sentence four remand" and close the file, with each party bearing its own costs and

expenses.

**DONE AND ORDERED** in Tampa, Florida this 16th day of August, 2007.


ELIZABETH A JENKINS
United States Magistrate Judge